PER CURIAM:
Scheduled for execution between midnight and 3:00 a.m. on May 16, 1995, Thomas Lee Ward seeks a certificate of probable cause to appeal the denial of his petition for habeas corpus and a stay of his execution. Binding precedent precludes debate among jurists of reason about a dispositive issue and we must therefore deny the application for CPC and a stay.
We do not repeat the factual background and procedural posture of this case but refer to prior opinions.[1] In the petition at bar, Ward’s third,[2] the sole claim is that his jury was given the identical reasonable doubt instruction that the Supreme Court held to be constitutionally infirm in Cage v. Louisiana.[3] Assuming for today’s disposition that Cage is retroactive,[4] the dispositive issue is whether Ward has shown cause and prejudice, or alternatively, a fundamental miscarriage of justice which would satisfy the requirements of Rule 9(b) of the Rules Governing Section 2254 Cases.[5]
*108 In James v. Cain[6] we very recently rejected the assertion of cause for not raising a Cage claim in earlier petitions, finding that the claim reasonably was available since the early 1980s. The effect of James is to relegate Ward’s efforts to avoid the limitation of Rule 9(b) to the fundamental-miscarriage-of-justice exception. As defined by the Supreme Court, that exception is confined to cases of actual innocence, where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.[7] Ward has made no showing that it is more likely than not that no reasonable juror would have found him guilty if given a correct instruction.[8] Accordingly, under controlling precedent we may not find a miscarriage of justice.
The application for a certificate of probable cause and the motion for a stay are DENIED.

. State v. Ward, 483 So.2d 578 (La.), cert. denied, 479 U.S. 871, 107 S.Ct. 244, 93 L.Ed.2d 168 (1986); Ward v. Whitley, 21 F.3d 1355 (5th Cir. 1994), cert. denied, — U.S.-, 115 S.Ct. 1257, 131 L.Ed.2d 137 (1995).

. The first petition was dismissed for failure to exhaust state remedies and the second was denied.

. 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). The only difference between the two charges is clerical. Cage was decided while Ward’s second habeas petition was pending appeal. He unsuccessfully pursued relief under Cage through the Louisiana state court system while we stayed our proceedings. He sought remand to the district court to amend his petition to add a Cage claim. That motion was denied.

. See Sullivan v. Louisiana, - U.S. -, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993); Adams v. Aiken, 41 F.3d 175 (4th Cir.1994), cert. denied, -U.S.-, 115 S.Ct. 2281, 132 L.Ed.2d 284 (1995); Nutter v. White, 39 F.3d 1154 (11th Cir.1994). But see Skelton v. Whitley, 950 F.2d 1037 (5th Cir.), cert. denied, -U.S. -, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992).

. See Schlup v. Delo, - U.S. —-, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Ward raised this issue in his petition and the state moved to dismiss the petition under Rule 9(b).

. 50 F.3d 1327 (5th Cir.1995).

. Schlup; McCleskey v. Zant, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). In Sawyer v. Whitley, - U.S. -, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992), the Court applied the miscarriage of justice to a petitioner who claimed to be actually ihnocent of the death penalty.

.See Schlup.