IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30709
_____

HERMAN BOWIE,

Petitioner-Appellant,

versus

BURL CAIN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(No. 98-CV-2020-T)
_____

March 7, 2002

Before KING, Chief Judge, and REAVLEY and WIENER, Circuit Judges.

PER CURIAM[*]:

Petitioner-Appellant Herman Bowie appeals the denial of his petition for a writ of habeas corpus.[1]  We affirm.

I. FACTS AND PROCEEDINGS

In 1988, a jury found Bowie guilty of heroin distribution, and he was sentenced to life imprisonment.  His conviction was affirmed on direct appeal.[2]  After the United States Supreme Court decided

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]Bowie filed his initial brief pro se.  His reply and supplemental briefs were prepared by counsel.

[2]State v. Bowie, 557 So. 2d 478 (La. Ct. App. 1990).

<u>Cage v. Louisiana</u>[3] in 1990, and as a result of Bowie's first application for state postconviction relief, he was allowed a second appeal.  Louisiana's Fourth Circuit Court of Appeal held that Bowie had not preserved for review his <u>Cage</u> claim, regarding the reasonable-doubt instruction to the jury, because he had not contemporaneously objected at trial.[4]  Bowie sought a writ invalidating this decision from the Louisiana Supreme Court, which denied his request in 1994.[5]

Bowie filed a second application for postconviction relief in state court.  The date of this application is somewhat unclear, but the Fourth Circuit Court of Appeal accepted Bowie's representation that he filed the application on March 18, 1996, and the District Attorney concedes that Bowie did file sometime in that month.  The state district court denied this application on January 8, 1997.  Bowie sought review of this denial by applying for a writ from the Fourth Circuit Court of Appeal on February 28, 1997; that court tersely denied his application on March 25, 1997.  Then, on May 28, 1997, Bowie sought a further writ from the Louisiana Supreme Court, which also tersely denied his request on December 19, 1997.

Bowie filed the instant petition for federal habeas review on July 7, 1998 in the Eastern District of Louisiana.  The magistrate

---

[3]<u>Cage v. Louisiana</u>, 498 U.S. 39 (1990).

[4]The ruling is recorded in table form at <u>State v. Bowie</u>, 625 So. 2d 393 (La. Ct. App. 1993), <u>cert. denied</u>, 513 U.S. 990 (1994).

[5]<u>State v. Bowie</u>, 640 So. 2d 1339 (La. 1994).

2

judge, finding insufficient information in the record as it then stood to determine whether the petition was time-barred, made several recommendations on the merits: that the district court hold alternatively that (1) Cage did not invalidate Bowie's conviction because it had not been decided before his trial, and (2) the reasonable-doubt instruction was not as defective as that in Cage, so that it was not "reasonabl[y] likel[y]" that the jurors who convicted Bowie "applied the instructions in a way that violated the Constitution."[6]  The district court adopted these recommendations, dismissed Bowie's petition with prejudice, and entered final judgment on the merits on May 6, 1999.

Bowie then sent a letter to our Clerk of Court indicating his intent to appeal.[7]  The letter is dated "June 7, 1999" —— the last day for Bowie, proceeding pro se, to appeal by depositing documents in the prison mail system —— but the letter lacked a declaration or a notarization supporting its date.[8]  We received it on June 14, 1999, and forwarded it to the district court.  The district court declined to issue Bowie a certificate of appealability (COA), but we did so on the question whether the reasonable-doubt instruction was defective.  We also remanded for a determination whether Bowie had given timely notice of appeal, and the district court

---

[6]Bowie v. Cain, 1999 WL 191449, *4 (E.D. La. 1999) (quoting Victor v. Nebraska, 511 U.S. 1, 22–23 (1994)).

[7]Pursuant to FED. R. APP. P. 4(d), we consider this letter filed as having been filed in the district court.

[8]FED. R. APP. P. 4(c)(1).

3

determined that he had.  We therefore have jurisdiction of this appeal.

## II. ANALYSIS

We need decide only two issues: first, whether Bowie's federal petition was timely under 28 U.S.C. § 2254, and, second, whether Louisiana's contemporaneous-objection rule is an independent procedural bar that precludes Bowie's Cage claim.[9]

A.   Timeliness

As Bowie's conviction became final before the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), he had until April 24, 1997, to file his § 2254 petition.[10]  The statute also provides, however, that this period is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review."[11]

The state argues that because Bowie's application for a writ from the Louisiana Supreme Court was not properly filed, Bowie is entitled to no more than 365 days of tolling — a time equivalent to the post-AEDPA pendency of his applications in the state district court and court of appeal, plus thirty days after the

_____

[9]These issues distinguish this case from Cockerham v. Cain, No. 99-31044 (Feb. 20, 2002), where we affirmed the district court's grant of a writ of habeas corpus to a prisoner who timely pressed a Cage claim on collateral review and whose counsel, the record suggested, had raised the objection at trial.

[10]Flanagan v. Johnson, 154 F.3d 196, 201–02 (5th Cir. 1998).

[11]28 U.S.C. § 2244(d)(2).

4

latter's refusal to issue a writ.[12]  Bowie urges that his application to the Louisiana Supreme Court was properly filed because, he insists, that court gave him sixty more days to file, extending his filing deadline from late April 1997 to June 1997. Thus, he reasons, his filing on May 28, 1997, was timely.  Because the state supreme court considered his application for another six months, the timeliness of his federal petition (filed in July 1998) depends on whether Bowie "properly filed" his application to the state supreme court.

Bowie has not provided us the extension letter he says he received from the state supreme court, but he has given us, as an exhibit, a similar letter from that court to another prisoner. This letter appears to be a standard form, is unsigned, and contains the following paragraph, checked with a typed "X":

> (x)  The Court has filed your letter as an application for writs and has assigned it the above number. You may have an additional 60 days from the date of this letter to complete your application.
> Sincerely,
> Central Staff

Even if Bowie accurately describes both the facts of his application and the Louisiana Supreme Court's general procedure in such cases, that court's acceptance and liberal construction of Bowie's letter as a timely application for relief do not determine whether the application was "properly filed" under § 2244(d)(2).

---

[12]We did not decide in Williams v. Cain, 217 F.3d 303, 309–11 (5th Cir. 2000), whether a state application remains pending during the 30-day period for filing.  We here assume without granting that it does.

We have adopted a narrow view of the "properly filed" requirement, stating that "an application is not 'properly filed' if it fails to meet a filing deadline clearly established in state law."[13]  And we have applied this standard rigorously to applications for writs from the Louisiana Supreme Court, in part because of the wording of the relevant court rule[14]:

> A straightforward application of the above cases to the thirty-day time limit established by Louisiana Supreme Court Rule X, § 5(a) supports the conclusion that [an] "application" for post-conviction relief in the Louisiana courts ceased to be "properly filed" for the purpose of section 2244(d)(2) when [the applicant] failed to file his application for a supervisory writ with the Louisiana Supreme Court within the time allowed by Rule X, § 5(a). Rule X, § 5(a) is a procedural requirement governing the time of filing.  The rule sets out no specific exceptions to, or exclusions from, this requirement.  Indeed, the rule forbids any extension of the thirty-day limit.[15]

Therefore, despite the alleged extension letter, our precedent does not permit us to construe either that letter or the Louisiana Supreme Court's subsequent one-word denial of Bowie's application as a waiver of Rule X, § 5(a) that renders his federal petition timely.

Bowie's federal petition was therefore filed over two months after the statutory period of limitation expired.  We must perforce

---

[13]Williams, 217 F.3d at 307 (citing cases).

[14]See LA. SUP. CT. R. X, § 5(a) (emphasis added):
An application seeking to review a judgment of the court of appeal . . . shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal . . . .  No extension of time therefor will be granted.

[15]Williams, 217 F.3d at 308.

dismiss his petition as untimely.

B.   Procedural Bar

Even if, in dismissing this petition as untimely, we are misconstruing the rules and practice of the Louisiana Supreme Court (to whatever extent its extension letter should control our interpretation of § 2244), there is an alternative and more substantive basis for dismissal.  The last reasoned state court judgment addressing Bowie's Cage claim held that it was barred by his failure to object contemporaneously to the jury instruction at trial.  When a state court has denied a petitioner's claim on an independent and adequate state-law ground, federal habeas review is barred unless the petitioner shows cause for the default and actual prejudice from the alleged violation of federal law, or demonstrates that a fundamental miscarriage of justice will occur if the claims are not considered.[16]  The independence of the contemporaneous-objection rule as applied here is not in doubt.[17]

---

[16]Coleman v. Thompson, 501 U.S. 722, 729-30, 750 (1991).

[17]The Fourth Circuit Court of Appeal clearly and expressly relied on a state procedural bar, not federal law.  See Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997).  In affirming Bowie's conviction for the second time, that court stated that:
> By his first assignment of error defendant assails the trial court's instruction to the jury on reasonable doubt which is essentially the same as the one condemned in Cage v. Louisiana [citation omitted].  Because there was no contemporaneous objection the alleged error was not preserved for appellate review.  C. Cr. P. art. 801; State v. Dobson, 578 So. 2d 533 (La. App. 4th Cir. 1991), writ denied, 588 So. 2d 1110 (La. 1991).

Neither is that rule constitutionally inadequate.[18]

Cause for a default may include the reasonable unavailability of the legal basis for the claim.[19] If Cage had struck like a bolt from the blue, Bowie's claim might have been reasonably unavailable. But we have held that "[b]ecause it is clear that claims of defective 'reasonable doubt' instructions have been percolating in the Louisiana courts at least since 1982, there is no excuse for [a petitioner's] failure to allege the definitional defect" in habeas applications filed before Cage was announced.[20] Therefore Bowie lacks cause excusing his procedural default.

Finally, to meet the fundamental-miscarriage-of-justice standard, a petitioner must show, "as a factual matter, that he did not commit the crime of conviction."[21] Bowie does not argue that he is actually innocent of distributing heroin. Therefore, he has not shown a fundamental miscarriage of justice.

---

[18]Muhleisen v. Ieyoub, 168 F.3d 840, 843 (5th Cir. 1999) ("We believe Louisiana's use of the contemporary [sic] objection rule, as applied specifically to Cage claims, is constitutionally adequate."). Muhleisen expressed some doubt as to whether this rule was being consistently applied, but the rule appears to have reestablished itself even in capital cases in the wake of State v. Taylor, 669 So. 2d 364 (La. 1996). See State v. Smith, 793 So. 2d 1199, ___ *12 (La. 2001) (internal quotation marks and citation omitted) ("Applied in any case, the contemporaneous objection rule prevent[s] a defendant from gambling for a favorable verdict and then resorting to appeal on errors that might easily have been corrected by objection.").

[19]Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997).

[20]James v. Cain, 50 F.3d 1327, 1333 (5th Cir. 1995).

[21]Ward v. Cain, 53 F.3d 106, 108 (5th Cir. 1995).

## III. CONCLUSION

For the foregoing reasons, we determine that Bowie's habeas petition is time-barred and, in the alternative, that it fails to overcome an adequate and independent state procedural bar. The district court's denial of the requested writ is

AFFIRMED.