# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2008

Charles R. Fulbruge III
Clerk

No. 06-30916
Summary Calendar

MARK MORRIS

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CV-289

Before JONES, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mark Morris, Louisiana prisoner # 287768, was convicted in 1999 of being a felon in possession of a firearm, armed robbery, aggravated kidnaping, and second degree murder. He appeals the district court's dismissal of his 28 U.S.C. § 2254 application as untimely. A certificate of appealability (COA) was granted as to whether the prison "mailbox rule" applies if a filing is never received, to what extent a lost filing tolls the federal limitations period under 28 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2244(d)(2), and whether the dismissal of Morris's state post-conviction relief (PCR) application as untimely procedurally bars his claims.

We may affirm the denial of relief under § 2254 on any basis supported by the record. See Scott v. Johnson, 227 F.3d 260, 262 (5th Cir. 2000). Because Morris was given notice of the procedural bar issue and an opportunity to respond when a COA was granted, consideration of that issue is appropriate. See Smith v. Johnson, 216 F.3d 521, 523-24 (5th Cir. 2000).

When the state court has relied on an independent and adequate state procedural rule to dismiss a prisoner's claims, federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). To show cause for a procedural default, a petitioner must demonstrate the existence of an objective external factor that caused the default. See Murray v. Carrier, 477 U.S. 478, 488 (1986). To show a miscarriage of justice, the petitioner must demonstrate that a constitutional violation probably resulted in the conviction of one who is actually innocent of the crime. See Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997).

Morris primarily argues that the state court erred in calculating the date his conviction became final under state law and that an exception to the state limitations period applies. However, "it is not the role of the federal habeas court to reexamine state-court determinations of state-law questions." Rowell v. Dretke, 398 F.3d 370, 375 (5th Cir. 2005); see Smith, 216 F.3d at 523.

We have held that the applicable state limitations period for PCR applications, LA. CODE CRIM PROC. art. 930.8, provides an independent and adequate state ground for rejecting a PCR application. See Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997). Morris also does not argue any cause for his untimely filing other than his own mistaken interpretation of the relevant calculation of deadlines for filing. See Murray, 477 U.S. at 488. Morris's claim

of actual innocence is unsupported and conclusional. See Rodriguez, 104 F.3d at 697. Therefore, Morris has failed to show cause and prejudice or a fundamental miscarriage of justice sufficient to overcome the procedural bar. See Coleman, 501 U.S. at 750.

AFFIRMED.