

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-82,102-01

### EX PARTE CURTIS FOURNIER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### FROM CAUSE NO. 1151921-A IN THE 351ST DISTRICT COURT
### HARRIS COUNTY

### NO. WR-82,103-01

### EX PARTE CHRISTOPHER DOWDEN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### FROM CAUSE NO. 1300886-A IN THE 337TH DISTRICT COURT
### HARRIS COUNTY

**ALCALA, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

I concur in this Court's judgment granting habeas corpus relief to Curtis Fournier and

Christopher Dowden, applicants, under an unconstitutional-statute theory and denying relief under an actual-innocence theory. *See Ex parte Lo*, 424 S.W.3d 10, 23-24 (Tex. Crim. App. 2013) (holding that portion of online-solicitation-of-a-minor statue was unconstitutionally overbroad, and reversing trial court's denial of pretrial application for writ of habeas corpus on that basis).[1] Although I agree with most of the analysis in the majority opinion, I reach my ultimate conclusions through a slightly different approach. I also write separately to explain why I agree with this Court's decision to grant relief retroactively to these and other applicants on the basis of the unconstitutional-statute theory.

## I. Actual Innocence

[1] Formerly, online solicitation of a minor under Texas Penal Code Section 33.021 described three ways that the offense could be committed—by communicating in a sexually explicit manner, by distributing sexually explicit material, or by soliciting a minor to meet—but only the third way remained viable after this Court held that Subsection (b) was unconstitutionally overbroad. *See* TEX. PENAL CODE § 33.021(b) (West 2010). The statute stated,

> (b) A person who is 17 years of age or older commits an offense if, with the intent to arouse or gratify the sexual desire of any person, the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, intentionally:
>    (1) communicates in a sexually explicit manner with a minor; or
>    (2) distributes sexually explicit material to a minor.
> (c) A person commits an offense if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.

*Id*. Since this Court's 2013 opinion in *Lo*, the Legislature has amended Section 33.021(b) to now state that a person commits the offense of online solicitation of a minor if he acts "with the intent to commit" one of the sexual offenses listed in Code of Criminal Procedure Article 62.001(5)(A), (B), or (K). *See* TEX. PENAL CODE § 33.021(b) (West 2016). Of course, because this Court's decision in *Lo* did not affect the validity of Subsection (c), even after the *Lo* decision, a defendant may be convicted of online solicitation of a minor if he solicits a minor to meet him over an electronic or online service.

Habeas corpus relief from a criminal conviction based on an actual-innocence claim is the same as habeas corpus relief based on an unconstitutional-statute claim: In each case, after relief is granted, the applicant's judgment and sentence are vacated, and he is returned to the convicting court to answer the charges against him. If they were simply interested in obtaining relief from their criminal convictions, these applicants would have already obtained that relief on the basis that the statute under which they were convicted has been declared unconstitutional. *See*, *e.g.*, *Ex parte Chance,* 439 S.W.3d 918, 918 (Tex. Crim. App. 2014) (per curiam). The reality is that these applicants want a declaration from this Court of their "actual innocence" so that they may pursue additional benefits that may arise from that declaration.

One of the primary benefits of a declaration of actual innocence by this Court is that the Texas Comptroller will pay large sums of money as compensation for the period of time that the person was wrongfully incarcerated. *In re Allen*, 366 S.W.3d 696, 701 (Tex. 2012). Under a civil statute known as the Tim Cole Act, anyone who has been declared actually innocent receives substantial financial compensation for his wrongful incarceration. TEX. CIV. PRAC. & REM. CODE § 103.001(a). The Texas Supreme Court has held that the "Legislature intended the legal term of art, 'actual innocence,' to include both *Herrera* and *Schlup* claims," and it instructed the Comptroller to compensate anyone found actually innocent under either the *Herrera* or *Schlup* standards. *Allen*, 366 S.W.3d at 701, 707-09. Because of the interrelationship between the civil compensation for wrongful incarceration and the criminal declaration of actual innocence, it is necessary for this Court to apply the term "actual innocence" strictly and consistently as a term of art.

Applying the meaning of actual innocence as a strict term of art, I conclude that these applicants are not actually innocent based on the facts in their cases. They did commit acts that, at

the time those acts were committed, were considered criminal under the laws of this State. There is no new evidence that changes the facts. Here, there is only a change in the law. And a change in the law alone is inadequate to meet the meaning of actual innocence as a strict term of art, which requires evidence that unquestionably establishes an applicant's factual innocence through newly discovered evidence. *See Ex parte Elizondo*, 947 S.W.2d 202, 206-07 (Tex. Crim. App. 1996).

I recognize that one might reasonably argue that this Court's holding in *Lo* constitutes new evidence that unquestionably establishes an applicant's innocence. *See Chance,* 439 S.W.3d at 919-21 (Cochran, J., concurring). After all, but for the existence of the unconstitutional statute, there are no facts that could support the applicants' convictions. In her concurring opinion in *Ex parte Chance*, Judge Cochran observed that "most federal courts, including the Fifth Circuit, hold that one who has been convicted under a penal statute that is later found unconstitutional is 'actually innocent' of any crime because 'the core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law.'" *Id*. at 920 (quoting *Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001)). She continued,

> [A]pplicant is requesting relief for a conviction of a non-crime. He is actually innocent of any criminal wrongdoing because the penal statute under which he was convicted has already been declared nonexistent. He may take advantage of the "void ab initio" status today, yesterday, tomorrow, or even ten years from now. Anyone who has been convicted under the now void provisions of Section 32.021(b) is "innocent" and may obtain an acquittal, whether it is in the trial court, on direct appeal, or in a habeas proceeding.

*Id*. at 922. I joined Judge's Cochran's concurring opinion in *Chance*, and I continue to agree with its logical premise that a defendant, legally speaking, cannot be guilty of an offense when he has been convicted under a statute that has been declared void. He is indisputably entitled to relief from his invalid conviction. That type of "legal innocence," however, is distinct from the type of "factual

innocence" that is required to make a showing of actual innocence under the standard set forth in *Elizondo. See* 947 S.W.2d at 209.[2]  Thus, I ultimately agree with this Court's majority opinion that applicants' claims do not meet the definition for "actual innocence" as a strict term of art that narrowly permits consideration only of changes in the actual facts—the who, what, when, where, and how type of factual evidence that establishes an offense—rather than changes in the applicable law.  For these reasons, I concur in this Court's ultimate judgment that applicants' claims for relief on the basis of actual innocence must be denied.

## II.  Retroactivity of *Lo*

I agree with this Court's majority opinion that *Lo* should be applied retroactively to defendants who have been convicted of online solicitation of a minor under Penal Code Section 33.021(b). *See Lo*, 424 S.W.3d at 23-24; TEX. PENAL CODE § 33.021(b) (West 2010).  Although it is well established that the announcement of a new rule applies to the litigants in the case in which it is announced and to similarly situated defendants with cases pending on direct appeal, a new rule usually does not apply retroactively on collateral review of cases that are considered final.  *See Linkletter v. Walker*, 381 U.S. 618, 622, 627 (1965); *Taylor v. State*, 10 S.W.3d 673, 677-80 (Tex. Crim. App. 2000).  I conclude, however, that, as explained below, applicants' situation falls within the exception to the usual rule.

The Supreme Court articulated principles by which to make the retroactivity determination

---

[2]  *See*, *e.g.*, *Poindexter v. Nash*, 333 F.3d 372, 380 (2d Cir. 2003) (noting that the concept of actual innocence is distinct from the concept of legal innocence, and stating that a petitioner whose "argument is a technical one" does not raise "a claim of 'actual innocence' as that term is used . . . in habeas jurisprudence generally"); *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997) ("The term 'actual innocence' means *factual*, as opposed to *legal*, innocence—'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence . . . means that the person did not commit the crime.") (citations omitted).

in *Teague v. Lane*, 489 U.S. 288, 310 (1989). Although this Court is not bound to follow *Teague* in this instance, we generally adhere to its principles. *See Danforth v. Minnesota*, 552 U.S. 264, 280-81 (2008) (explaining that *Teague* does not constrain "a state court's authority to grant relief for violations of new rules of constitutional law when reviewing its own State's convictions"); *Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013) ("This Court follows *Teague* as a general matter of state habeas practice[.]"). Generally, under *Teague*, a new rule should not be applied on collateral review because the purpose of the writ of habeas corpus is best served by applying "the constitutional standards that prevailed at the time the original proceedings took place." *Teague*, 489 U.S. at 306 (quoting *Desist v. United States*, 394 U.S. 244, 262-63 (1969) (Harlan, J., dissenting)). This general rule, however, has two exceptions, the first substantive and the second procedural. First, a new rule should be applied retroactively if it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe. *Id*. at 311. Second, a new rule should be applied retroactively if it constitutes a watershed rule of criminal procedure, in the sense that it implicates the fundamental fairness of a trial. *Id*. at 311-13. Fifteen years after *Teague* was decided, the Supreme Court clarified that, with respect to the first *Teague* exception, "[n]ew *substantive* rules generally apply retroactively." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004) (emphasis in original). In *Schriro v. Summerlin*, the Supreme Court stated, "This includes decisions that narrow the scope of a criminal statute by interpreting its terms . . . as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Id.* at 351-52 (citations omitted). The *Summerlin* Court observed that substantive rules should apply retroactively because they carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that

the law cannot impose on him. *Id.*

Applying the *Teague* analysis to the present situation, it is clear that the rule announced in *Ex parte Lo* should be applied retroactively. The new rule is that Texas Penal Code § 33.021(b) is unconstitutionally overbroad and cannot be enforced. *Lo*, 424 S.W.3d at 23-24. According to *Summerlin*, a substantive rule is presumed to be retroactively applicable, and "[t]his includes decisions that narrow the scope of a criminal statute by interpreting its terms." *Summerlin*, 542 U.S. at 351. When this Court held that Section 33.021(b) was unconstitutional, that decision necessarily narrowed the statute's scope. Furthermore, the *Summerlin* Court warned that rules falling into the first *Teague* exception should be applied retroactively because there runs a "significant risk that a defendant will be convicted of an act that the law does not hold criminal or faces a punishment that the law cannot impose upon him." *Id.* at 352. Here, the applicants are convicted of violating Section 33.021(b), which this Court has held encompasses acts that the law does not make criminal. There being no reason to deviate from the principle that new substantive rules are applied retroactively, and given that there is ample reason to adhere to it, it is appropriate to give applicants the benefit of the *Lo* rule on collateral review.

It has been suggested that we apply *Lo* on collateral attack selectively by requiring each habeas applicant to make an evidentiary showing that the statute operated unconstitutionally as applied to him. The reasoning is that the statute is overbroad rather than vague, so that a substantial portion of its applications are legitimate. Even if it has logical appeal, this suggestion is unworkable. A statute that is unconstitutional is void ab initio, or void from its inception, and this principle applies regardless of whether the statute is void for vagueness or overbreadth. *Smith v. State,* 463 S.W.3d 890, 896 (Tex. Crim. App. 2015). It is as if it had never been passed, and it has the legal

force of a blank piece of paper. *Reyes v. State*, 753 S.W.2d 382, 383 (Tex. Crim. App. 1988). I recognize that the defendants convicted under the now-invalidated portion of the online-solicitation-of-a-minor statute are likely not without fault. But, given that the statute under which they were convicted has been declared a legal nullity, there exists no valid authority under which they may continue to be punished and, therefore, their convictions cannot lawfully be enforced against them.

For these reasons, I agree with this Court's conclusion that the rule of *Lo* must be given retroactive effect to these applicants' convictions.

### III. Conclusion

I concur in this Court's judgment denying habeas corpus relief on the basis of actual innocence and granting applicants relief on the basis of the unconstitutionality of the online-solicitation-of-a-minor statute.

Filed: October 28, 2015

Publish