# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50728
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 28, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID JASON ADAMS,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:14-CV-462
USDC No. 6:13-CR-24-1

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:*

David Jason Adams, federal prisoner # 41770-379, has moved for leave to proceed in forma pauperis (IFP) to appeal the dismissal of his motion under Federal Rule of Civil Procedure 60(b), in which he sought reconsideration of the district court's denial of his motion for an extension of time to file an appeal. By moving to proceed IFP, Adams challenges the district court's certification

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decision that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). He need not obtain a certificate of appealability to appeal because the purpose of his Rule 60(b) motion was the reinstatement of appellate jurisdiction. *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007); *see also Dunn v. Cockrell*, 302 F.3d 491, 492 (5th Cir. 2002).

Adams asserts that the district court wrongly concluded that he did not timely seek an extension of time to file an appeal. He argues that his notice of appeal, which was filed within the time period during which he could move for an extension, was an implicit motion to extend the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(5)(A). We review the denial of a Rule 60(b) motion for an abuse of discretion. *See Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

To the extent that the claims raised in Adams's Rule 60(b) motion, which he filed after we dismissed his untimely appeal for lack of jurisdiction, are not precluded under the law of the case doctrine, *see Fuhrman v. Dretke*, 442 F.3d 893, 896-97 (5th Cir. 2006), he has not shown that the district court abused its discretion, *see Seven Elves, Inc.*, 635 F.2d at 402. He does not contend, and the record does not reflect, that he filed a pleading that could be treated as a notice of appeal within the prescribed 60-day period. *See* FED. R. APP. P. 4(a)(1)(B). While Adams asserts that he filed a notice of appeal within the 30-day period to seek an extension of time based on excusable neglect or good cause, *see* FED. R. APP. P. 4(a)(5)(A), he has not shown that the district court's contrary finding was clearly erroneous, *see Rodriguez v. Johnson*, 104 F.3d 694, 696 (5th Cir. 1997). Specifically, Adams has not shown that the district court clearly erred in finding that his notice of appeal was mailed contemporaneously and in the same envelope as his motion for an extension of time, which was signed and

No. 17-50728

mailed beyond the 30-day period.  An untimely notice of appeal otherwise may not be treated as an implicit motion to extend time lacks merit where, as here, the notice of appeal provides no explanation for the late filing.  *See Henry v. Estelle*, 688 F.2d 407, 407 (5th Cir. 1982).

Therefore, Adams's appeal does not present a nonfrivolous issue and is not taken in good faith.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at n.24; 5TH CIR. R. 42.2.