# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 12, 2021

Lyle W. Cayce
Clerk

No. 19-50730
Summary Calendar

Mark Walters,

*Plaintiff—Appellant*,

*versus*

Tenant Background Search,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CV-1092

Before Jones, Costa, and Wilson. *Circuit Judges*.

Per Curiam:*

Mark Walters moves for leave to proceed in forma pauperis (IFP) in his appeal of the summary judgment dismissal of his claims against Tenant

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-50730

Background Search (Tenant),[1] alleging violations of the Fair Credit Reporting Act (FCRA) and the Texas Business and Commerce Code, as well as negligence and gross negligence. Walters also seeks IFP status to appeal the district court's order granting Tenant's motion for sanctions under Federal Rule of Civil Procedure 11(c)(2). By moving for leave to proceed IFP in this court, Walters is challenging the district court's certification that his appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 199-202 (5th Cir. 1997).

In his brief before this court, Walters contends that the district court erroneously granted summary judgment in Tenant's favor because genuine issues of material fact exist as to whether Tenant violated his rights under the FCRA and § 20.06(a) of the Texas Business and Commerce Code. As to his FCRA claims, Walters specifically argues that (1) Tenant failed to complete a reinvestigation of the consumer report it produced on Walters; (2) the district court did not issue a ruling on his claim that Tenant failed to follow reasonable procedures to assure maximum possible accuracy in the compilation of the consumer report; and (3) Tenant acted with willful noncompliance in the production of the consumer report.

Our review of the summary judgment evidence supports the district court's determination that Tenant is a reseller under the FCRA. *See* 15 U.S.C. § 1681a(u). Consequently, Tenant had no obligation to conduct a reinvestigation of the disputed information. *See* 15 U.S.C. § 1681i(a)(1)(A), (f)(1). Rather, as a reseller, it was governed by the requirements of § 1681i(f), and the email evidence in the record demonstrates that Tenant satisfied its obligations under that subsection. *See* § 1681i(f)(2)-(3). Turning to

---

[1] In its pleadings, the defendant stated that its corporate name is Lonestar IT Solutions, L.L.C. For ease of reference, we follow the district court in referring to the defendant as Tenant Background Search.

No. 19-50730

Walters's next argument, the district court in fact addressed his claim that Tenant failed to follow reasonable procedures to assure maximum possible accuracy of the information in the report. Further, as correctly found by the district court, Tenant did not prepare the Walters consumer report, and the FRCA provision upon which he relies applies only to a consumer reporting agency that prepares a consumer report. *See* 15 U.S.C. § 1681e(b). As to Walters's third point, because he has not shown that the district court erred in granting summary judgment on his FCRA claims, he has not shown any error in the conclusion that he is not entitled to damages for willful noncompliance. *See* 15 U.S.C. § 1681n. Finally, because, as stated above, the summary judgment evidence supports that Tenant is a reseller, there are no genuine issues of material fact as to whether Tenant failed to comply with a reinvestigation obligation under Texas statutory law. *See* Tex. Bus. & Com. § 20.06(f).

In his appellate brief, Walters makes one statement that his complaint included claims of negligence, but he does not offer any argument addressing Tenant's alleged negligence. By failing to identify any error in district court's reasoning as to the summary judgment dismissal of his negligence claims, Walters has abandoned the claims on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We construe Walters's IFP motion as a timely notice of appeal from the order granting Tenant's motion for sanctions. *See Smith v. Barry*, 502 U.S. 244, 248–49 (1992). We review the grant of that motion for an abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

As an initial matter, we reject Walters's contention that Tenant erroneously filed its motion for sanctions during the "safe harbor" period. Here, the record demonstrates that Tenant mailed a copy of its motion to

Walters on November 6, 2018.  Service was therefore complete on that date, and the magistrate judge did not err in finding that Tenant served an advance copy of its motion on Walters more than 21 days before Tenant filed its motion. *See* Fed. R. Civ. P. 5(b)(2)(C); Fed. R. Civ. P. 11(c)(2).

Substantively, Walters's challenge to the order granting Tenant's motion is three-fold.  He first argues that Tenant "presented no evidence of inaccurate comments by [Walters]."  Second, he argues that the sanction order infringes upon his constitutional right of access to the courts.  Finally, he complains that the magistrate judge incorrectly labeled him a vexatious litigant.  These arguments fail to show that the imposition of the pre-filing injunction "involves legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

As noted by the magistrate judge, the issue before the court was whether Walters's conduct violated the Federal Rules, not whether his statements (concerning defense counsel's wife) were true or false. *See* Fed. R. Civ. P. 11(b), (c).  Further, Walters's own statements in his appellate brief regarding ongoing "animosity" and "bad blood" with defense counsel support the determination that, at the time he filed his response to Tenant's summary judgment motion, Walters commented on counsel's wife for improper purposes, including harassment. *See* Fed. R. Civ. P. 11(b)(1); *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 528 (5th Cir. 2016).

With respect to Walters's second argument, we have previously noted "that the imposition of sanctions must not result in total, or even significant, preclusion of access to the courts." *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 882 n.23 (5th Cir. 1988) (en banc).  Here, the sanction order enjoins "Walters from filing any civil lawsuit in the Western District of Texas without first obtaining permission from a judge of this Court."  The order

does not, however, preclude Walters from pursuing a nonfrivolous civil claim in the Western District of Texas (i.e., after obtaining permission to proceed). Accordingly, Walters's argument concerning his right of access to the courts is unavailing. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 193 (5th Cir. 2008) ("The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." (internal quotation marks and citation omitted)).

Finally, Walters has not shown that the decision was based on a clearly erroneous factual determination concerning his litigation history. *See Rodriguez v. Johnson*, 104 F.3d 694, 696 (5th Cir. 1997). "Vexatious conduct implies not only that a litigant knew a position was unfounded, but that his purpose was to create trouble or expense for the opposing party." *Gate Guard Servs., L.P. v. Perez*, 792 F.3d 554, 561 n.4 (5th Cir. 2015) (internal quotation marks and citation omitted). The magistrate judge offered a myriad of reasons, supported by the record in the instant case and Walters's prior FCRA case against Sentry Link, L.L.C., for finding that Walters had engaged in abusive and vexatious conduct against opposing parties, their counsel, and the court.

Walters has failed to show that he intends to raise on appeal legal points that are arguable on their merits with respect to either the summary judgment dismissal of his complaint or the imposition of the pre-filing injunction. *See Howard*, 707 F.2d at 220. Accordingly, Walters's IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.