**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 97-11292
_____


Ben Lyndon Kiser,

Petitioner-Appellant,

VERSUS


Gary Johnson, Director
Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____
January 6, 1999

Before HIGGINBOTHAM, DAVIS, and BARKSDALE, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Petitioner-Appellant Ben Lyndon Kiser appeals the dismissal of his 28 U.S.C. § 2254 habeas petition. Kiser argues that the district court erred in applying the statute of limitations provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), retroactively to bar the petition. He further argues that the district court erred in raising the statute of limitations defense <u>sua</u> <u>sponte</u>. For reasons that follow, we affirm.

I.

Kiser was convicted by a Texas jury of aggravated sexual

assault of a child on October 2, 1986. The jury found that Kiser had two prior felony convictions and sentenced him to life imprisonment. His conviction was affirmed on direct appeal on November 30, 1987, and the Texas Court of Criminal Appeals refused a petition for discretionary review on January 11, 1989. Since that time, Kiser has filed three state habeas applications. The first was filed on September 6, 1991, and denied on the findings of the trial court on March 11, 1992. The second was filed on March 13, 1995, and denied on June 26, 1996. The third was filed on July 10, 1997, and dismissed as successive on October 22, 1997.

Kiser filed the instant 28 U.S.C. § 2254 habeas petition on July 10, 1997, though the petition is dated July 7, 1997. The magistrate judge issued a report and recommendation that the petition be dismissed as time-barred by the AEDPA's one-year statute of limitations. Kiser filed objections to the magistrate judge's report. After conducting a de novo review of the record, the magistrate judge's report, and Kiser's objections, the district court adopted the magistrate judge's report as correct and dismissed Kiser's petition with prejudice.

Kiser filed a motion for a certificate of appealability ("COA"). The district court granted the COA motion on two issues: (1) whether the district court erred by finding that Kiser's petition was barred by the AEDPA's statute of limitations; and (2) whether the AEDPA's statute of limitations is jurisdictional or an affirmative defense. Our review is limited to those two issues. See 28 U.S.C. § 2253(c)(2); Lackey v. Johnson, 116 F.3d 149, 152 (5th

2

Cir. 1997).[1] As they are both issues of law, we review them de novo. Dyer v. Johnson, 108 F.3d 607, 609 (5th Cir. 1997). We turn to them now.

## II.

Kiser argues that the district court erred in applying the AEDPA's statute of limitations[2] retroactively to his habeas

---

[1]Kiser also argues denial of effective assistance of counsel. This argument is beyond the scope of review authorized by the COA, and therefore will not be addressed here.

[2]The statute of limitations provision of the AEDPA states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

petition. He argues that the retroactive application had a "mousetrapping" effect, in that it attached new legal consequences to events completed before the enactment of the AEDPA. We disagree.

This issue is governed by our decision in United States v. Flores, 135 F.3d 1000 (5th Cir. 1998), in which we held that the AEDPA's statute of limitations applies to all habeas petitions filed after the AEDPA went into effect.[3] In cases where the petitioner's conviction became final before the enactment of the AEDPA, as here, the time limit runs from April 24, 1996, the date of the AEDPA's enactment. Id. at 1006 ("[O]ne year, commencing on April 24, 1996, presumptively constitutes a reasonable time for those prisoners whose convictions had become final prior to the enactment of the AEDPA to file for relief."). No new legal consequences are thereby attached to events completed before the enactment of the AEDPA, because the statute of limitations did not begin to run until the date of the AEDPA's enactment.

Applying Flores to the present case, Kiser had until April 24, 1997 to file his federal habeas petition. He failed to file until July 10, 1997. Even assuming, as Kiser argues, that the statute of limitations should have been tolled until June 26, 1996 to account for the time in which his second state habeas application was pending, 28 U.S.C. § 2244(d)(2), the federal habeas petition is still time-barred. If the one-year limitation period began to run

---

[3]Although Flores concerned a 28 U.S.C. § 2255 motion rather than a 28 U.S.C. § 2254 petition, this Court has since extended the Flores Court's reasoning to § 2254 petitions. Flanagan v. Johnson, 154 F.3d 196, 199-200 (5th Cir. 1998).

4

on June 26, 1996, when the second state habeas application was denied, Kiser still filed the federal habeas petition two weeks too late. The district court therefore correctly determined that Kiser's petition was time-barred.

### III.

Kiser next contends that the AEDPA's statute of limitations is an affirmative defense rather than jurisdictional. As such, Kiser argues that the magistrate judge and the district court erred in raising the defense <u>sua</u> <u>sponte</u>. The State concedes that the AEDPA's statute of limitations is an affirmative defense rather than jurisdictional,[4] but argues that the district court was nonetheless within its authority to raise the defense <u>sua</u> <u>sponte</u> in this habeas case. We agree.

Rule 11 of the Rules Governing Section 2254 Cases states: "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules." 28 U.S.C. foll. § 2254 Rule 11. This Court has previously held that where the Rules Governing Section 2254 Cases are silent on an issue, Rule 11 compels us to follow the Federal Rules of Civil Procedure. <u>McDonnell v. Estelle</u>, 666 F.2d 246, 249 (5th Cir. 1982). Kiser points to Rule 8(c) of the Federal Rules of Civil Procedure, which states in relevant part: "In pleading to a preceding pleading, a party shall set forth

---

[4]This concession is in line with our recent holding that the AEDPA's statute of limitations is not jurisdictional. <u>Davis v. Johnson</u>, 158 F.3d 806, 810 (5th Cir. 1998).

affirmatively . . . statute of limitations . . . and any other matter constituting an avoidance or affirmative defense." FED. R. CIV. P. 8(c). Pursuant to Rule 8(c), this Court has stated that "an affirmative defense . . . generally should not [be] raise[d] <u>sua sponte</u>." <u>Warnock v. Pecos County, Tex.</u>, 116 F.3d 776, 778 (5th Cir. 1997). Thus, Kiser maintains that the district court was without authority to raise the AEDPA's statute of limitations <u>sua</u> <u>sponte</u> to bar his habeas petition.

The essential flaw in Kiser's argument is that it fails to account for Rule 4 of the Rules Governing Section 2254 Cases, which states in relevant part:

> The original petition shall be presented promptly to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. <u>If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal</u> and cause the petitioner to be notified. Otherwise, the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

28 U.S.C. foll. § 2254 Rule 4 (emphasis added).

This rule differentiates habeas cases from other civil cases with respect to <u>sua sponte</u> consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary

6

answer." 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes.

Were we to apply FED. R. CIV. P. 8(c) to the facts of this case, the ability of the district court to weed out meritless habeas petitions would be substantially impaired. The statute of limitations defense plainly appeared on the face of Kiser's habeas petition based on its date of filing. Applying Rule 8(c) would force the district court to order an unnecessary answer in the face of a plainly applicable affirmative defense. Such a result would be inconsistent with the language and purpose of Rule 4. Therefore, we hold that the district court was within its authority under Rule 4 and Rule 11 of the Rules Governing Section 2254 Cases when it raised the AEDPA's statute of limitations defense <u>sua</u> <u>sponte</u>.

In holding that FED. R. CIV. P. 8(c) does not bar <u>sua</u> <u>sponte</u> consideration of the AEDPA's statute of limitations provision, we follow a long line of precedent establishing the authority of courts to raise non-jurisdictional affirmative defenses <u>sua</u> <u>sponte</u> in habeas cases. <u>See</u>, <u>e.g.</u>, <u>Magouirk v. Phillips</u>, 144 F.3d 348, 357 (5th Cir. 1998) (procedural default); <u>Shute v. State of Texas</u>, 117 F.3d 233, 237 (5th Cir. 1997) (exhaustion); <u>Rodriguez v. Johnson</u>, 104 F.3d 694, 697 n. 1 (5th Cir.) (abuse of the writ), <u>cert. denied</u>, 117 S. Ct. 2438 (1997); <u>McQueen v. Whitley</u>, 989 F.2d 184, 185 (5th Cir. 1993) (abuse of the writ).

Also instructive is our line of precedent holding that the statute of limitations affirmative defense may be raised <u>sua</u> <u>sponte</u> in civil actions brought by prisoners under 28 U.S.C. § 1915. <u>See</u> <u>Gartrell v. Gaylor</u>, 981 F.2d 254, 256 (5th Cir. 1993); <u>Ali v.</u>

<u>Higgs</u>, 892 F.2d 438, 440 (5th Cir. 1990); <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986). Those decisions were based on 28 U.S.C. § 1915(d), which states that the district court "may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." The similarities between Section 1915(d) and Rule 4 are striking: Both provisions are designed to dispose of frivolous prisoner actions with minimal waste of resources. That we have authorized district courts to consider <u>sua</u> <u>sponte</u> the statute of limitations defense in the Section 1915 context is persuasive support for giving district courts the same authority in habeas cases.

In sum, even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense <u>sua</u> <u>sponte</u>. Their decision to do so was consistent with Rule 4 and Rule 11 of the Rules Governing Section 2254 cases, as well as the precedent of this Court.

IV.

For the reasons stated above, the district court's order dismissing Kiser's 28 U.S.C. § 2254 habeas petition is

AFFIRMED.