IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50651
Summary Calendar
_____


JOSÉ ASCENSION CHAPA,

                                    Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                    Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-98-CV-340
- - - - - - - - - -

October 21, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     José Ascension Chapa, a Texas prisoner (# 599230), appeals

from the dismissal of his 28 U.S.C. § 2254 habeas petition as

barred by the one-year statute of limitations prescribed by 28

U.S.C. § 2244(d).

     The district court granted Chapa a certificate of

appealability ("COA") on the issues whether § 2244(d) is

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

unconstitutional because it suspends the writ of habeas corpus, violates the Ex Post Facto Clause, violates due process and equal protection, denies access to the court, and is an abuse of Congress' enforcement powers. Chapa now sets forth arguments on several of these issues.

An argument similar to Chapa's challenge to § 2244(d) under the Suspension Clause has recently been rejected by this court. See Turner v. Johnson, 177 F.3d 390, 392-93 (5th Cir. 1999). Chapa's argument that § 2244(d) violates the Ex Post Facto Clause is frivolous because that provision neither retroactively alters the definition of the crime of which Chapa was convicted nor increases the punishment for criminal conduct. See Lynce v. Mathis, 519 U.S. 433, 443-44 (1997). Chapa's due process and equal protection contentions are simply conclusional. See Perillo v. Johnson, 79 F.3d 441, 444 (5th Cir. 1996); see also Turner, 117 F.3d at 391. Finally, contrary to Chapa's assertion, the district court was entitled to raise the limitations issue sua sponte. See Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999). The judgment of the district court is AFFIRMED.

AFFIRMED.