**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 30 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EDWIN THOMAS GRAVES,

      Petitioner-Appellant,

v.

BOBBY BOONE, Warden, Mack
Alford Correctional Center; THE
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents-Appellees.

No. 99-7013
(D.C. No. CV-97-512-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **BARRETT** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-appellant Edwin Thomas Graves appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. He also appeals the district court's denial of a certificate of appealability. The district court determined that Mr. Graves' petition was not timely. We affirm the district court and deny a certificate of appealability.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), establishes a one-year limitations period in which prisoners must file their habeas petitions. See 28 U.S.C. § 2244(d)(1). The limitations period triggers when the prisoner's direct appeal becomes final. See Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). For prisoners whose convictions became final before April 24, 1996--AEDPA's effective date--the limitations period commences on April 24, 1996 and expires one year later, on April 24, 1997. See id. at 1225-26. Time spent pursuing state post-conviction relief tolls the one-year grace period. See 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226.

Mr. Graves was convicted of first-degree murder in Oklahoma state court on September 30, 1987, and sentenced to life imprisonment. The Oklahoma Court of Criminal Appeals denied his direct appeal on September 3, 1992. On August 7, 1997, the Oklahoma Court of Criminal Appeals affirmed the District Court of Oklahoma County which denied Mr. Graves' April 21, 1997 request for post-conviction relief. Mr. Graves filed this petition for habeas relief in the

Eastern District of Oklahoma on September 8, 1997--502 days after April 24, 1996. Out of those 502 days, Mr. Graves spent 108 days pursuing state post-conviction relief. Subtracting 108 days from the total elapsed time of 502 days leaves 394 days, an amount in excess of the one-year grace period.

Mr. Graves argues on appeal that: (1) the record establishes a denial of his constitutional rights requiring a certificate of appealability; (2) the doctrine of reasonable opportunity applies; (3) the limitations period runs while a petitioner can seek certiorari review in the United States Supreme Court; (4) the limitations period is an affirmative defense limiting the district court to respondents' arguments; (5) the district court erred by not equitably tolling the limitations period; (6) the limitations period does not run while Oklahoma's appellate and post-conviction procedures fail to provide a constitutional means of exhausting state remedies for federal constitutional violations; and (7) the limitations period does not run as to unconstitutional procedures in state court post-conviction proceedings, and the district court must address federal constitutional claims which do not arise in the first instance until state court post-conviction proceedings are concluded.

Mr. Graves' arguments on appeal do not save his petition. The time during which a petition for writ of certiorari is pending in the United States Supreme Court as well as the time during which such a petition can be filed is not within

the ambit of § 2244(d)(2) and is not excluded from the one-year limitations period. See Rhine v. Boone, 182 F.3d 1153, 1156 (10th Cir. 1999), petition for cert. filed, (U.S. Oct. 4, 1999) (No. 99-6598). In addition, Mr. Graves has not presented any compelling reason why the grace period should be equitably tolled. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990) (describing rare situations in which federal courts have permitted equitable tolling). Nor are we swayed by his related argument that we should apply a reasonable opportunity analysis rather than that set forth in Hoggro and other of our decisions.

Mr. Graves also argues that the district court erred by not strictly adhering to respondents' arguments pertaining to the limitations period. We see no significance in the district court's purported deviation. First, respondents did raise the defense of limitations. Second, federal district courts are empowered in habeas cases to consider petitions and dismiss them if "the petitioner is not entitled to relief in the district court." Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 Rule 4; see also Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999) (holding that Rule 4 "differentiates habeas cases from other civil cases with respect to sua sponte consideration of affirmative defenses").

Mr. Graves' remaining contentions essentially challenge Oklahoma's post-conviction procedures. Mr. Graves contends that AEDPA's one-year

limitations period never started to run because he was not afforded a full opportunity to exhaust his federal constitutional claims. Mr Graves claims that the Oklahoma state courts impeded him, within the meaning of § 2244(d)(1)(B), by denying him the opportunity to present evidence in support of his ineffective assistance of counsel claim. In addition, Mr. Graves contends that he was not allowed to develop the necessary factual record under § 2244(d)(1)(D). We do not find, on the record before us, that the § 2244(d)(1) limitations period "raises serious constitutional questions and possibly renders the habeas remedy inadequate and ineffective." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 119 S. Ct. 210 (1998). Mr. Graves' challenges to Oklahoma's post-conviction procedures do not amount to federal constitutional claims in a federal habeas action. See Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993).

Accordingly, we DENY Mr. Graves' request for a certificate of appealability and DISMISS the appeal.

Entered for the Court


Stephen H. Anderson
Circuit Judge