IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10462
Conference Calendar

_____

RODRIGO LOPEZ,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CV-5-E
- - - - - - - - - -
February 17, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Rodrigo Lopez, a Texas prisoner (# 678080), appeals the

district court's dismissal of his petition for writ of habeas

corpus, filed pursuant to 28 U.S.C. § 2254, as barred by the one-

year statute of limitations of § 2244(d).  The district court

granted Lopez a certificate of appealability ("COA") as to the

issue whether the limitations provision violated the

Constitution's Suspension Clause.  This court appointed counsel

for Lopez on appeal and directed briefing on the question whether

the district court was authorized to grant COA as to only a

narrow portion of Lopez's general constitutional challenge to the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

limitations provision and whether Lopez should be permitted to seek leave to broaden the scope of the COA order pursuant to United States v. Kimler, 150 F.3d 429 (5th Cir. 1998).

Even if it is assumed arguendo that the district court properly handled Lopez's COA application, a question on which this court expresses no opinion at this time, Lopez's substantive constitutional challenges to the limitations provision are meritless. There has been no dispute that Lopez's § 2254 petition was not timely filed under § 2244(d). As for Lopez's constitutional challenges, the limitation provision does not violate either the Suspension Clause, see Turner v. Johnson, 177 F.3d 390, 392-93 (5th Cir.), cert. denied, 120 S. Ct. 504 (1999), or the Ex Post Facto Clause. See United States v. Flores, 135 F.3d 1000, 1004 n.13 (5th Cir. 1998), cert. denied, 119 S. Ct. 846 (1999); Lindh v. Murphy, 521 U.S. 320, 336-37 (1997). Inasmuch as Lopez has suggested that the limitation provision does not provide "fair notice," this court has rejected similar claims raised in an equitable-tolling framework. See, e.g., Fisher v. Johnson, 174 F.3d 710, 714-15 (5th Cir. 1999). Lopez's suggestion that the district court was not authorized to raise the limitations issue sua sponte was meritless. See Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

The district court's judgment is AFFIRMED.