**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 01-10574
Summary Calendar

JOAN TERRY IMAN

Plaintiff-Appellant,

VERSUS

CAROLYN FOSTER TERRY,
Individually and as Independent
Executrix of the Estate of
I W Terry Jr Deceased; SUSAN
TERRY CONNOLLY; JAMES IRVIN
TERRY; MELINDA TERRY HINDS

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(No. 6:00-CV-9-C)

October 26, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Joan T. Iman appeals the district court's grant of summary judgment on her claims for breach of fiduciary duty and common law fraud. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

BACKGROUND

The essential facts are not in dispute. I.W. Terry died intestate in 1940, leaving a wife and two children, I.W. Jr. and Joan. At the time of their father's death, I.W. Jr. was 14 and Joan, 6. Under Texas's intestacy laws, one-half of Mr. Terry's estate passed to Mrs. Terry and I.W. Jr. and Joan each received a one-fourth share. Mrs. Terry was appointed administratrix of the estate and served in that capacity until 1957, when the estate was closed. No guardianship proceedings were ever instituted for the benefit of I.W. Jr. or Joan, and the administration of their father's estate was never challenged. When the estate closed, I.W. Jr. was 31 and Joan, 24. Mrs. Terry died intestate in 1978, and no administration of her estate was conducted. I.W. Jr. died in 1996, leaving his property to his wife and three children.

Joan filed this suit in early 2000 against the beneficiaries of I.W. Jr.'s estate (hereinafter "Defendants"). She contends that during the administration of her father's estate, I.W. Jr. "managed, controlled, and directed the disposition of assets of the Estate, thereby usurping the duties, rights, and responsibilities" of Mrs. Terry as administratrix. Joan brought claims for breach of fiduciary duty and common law fraud and sought the imposition of a constructive trust against the assets of I.W. Jr.'s estate. She does not assert any wrongdoing by

Defendants themselves.  Joan is now a resident of Oklahoma and Defendants all reside in Texas.  The district court granted Defendants' motion for summary judgment, and Joan made a timely appeal.

## DISCUSSION

Claims disposed of on summary judgment are reviewed de novo. *See Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).  "Summary judgment is appropriate, when, viewing the evidence in the light most favorable to the nonmoving party, the record reflects that no genuine issue of any material fact exists, and the moving party is entitled to judgment as a matter of law."  *Urbano v. Continental Airlines, Inc.*, 138 F.3d 204, 205 (5th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986))

## I.

As an initial matter, we note that this suit ought to be time-barred.  Under Texas law, and unless there is some suggestion that an aggrieved party was prevented from discovering essential facts, no civil action may be brought later than five years after the cause accrued.  *See In the Matter of the Estate of Rex. L. McGarr*, 10 S.W.3d 373, 376 (Tex. App.--Corpus Christi 2000, pet. denied).  In her complaint, Joan argues that she was prevented from discovering her brother's alleged self-dealing until a "routine investigation of various West Texas real

3

property and probate records revealed inconsistences and questions regarding I.W. Terry, Jr.'s conduct . . . ." This argument is likely self-defeating, however, for Texas courts have held that "one is charged with constructive notice of the actual knowledge that one could gain by an examination of the public records." *Id.* (citing *Mooney v. Harlin*, 622 S.W.2d 83, 85 (Tex. 1981)).

Whatever the merits of her rationale for bringing this suit as late as she has, we note that nowhere in Defendants' summary judgment papers did they raise the statute of limitations. Although Defendants did in their answer claim that Joan's suit was time-barred, we have not considered whether a defendant's having pled the statute of limitations would allow a court to enter summary judgment on that basis. At least one of our sister circuits has considered this question and has determined that a court does not err in entering judgment under such circumstances. *See Grand Rapids Plastics, Inc. v. Lakian*, 188 F.3d 401, 406 (6th Cir. 1999); *cf. Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999)(noting that a court cannot ordinarily raise an affirmative defense sua sponte). We need not resolve this question today, however, for the case will come out the same no matter which way we answer. Accordingly, we express no opinion on the timeliness of Joan's lawsuit.

**II.**

4

Joan seeks the imposition of a constructive trust on her brother's estate for his alleged misconduct during administration of their father's estate. A constructive trust lies where a "'person holding title to property would profit by a wrong or would be unjustly enriched if he were permitted to keep the property.'" *See In the Matter of Monnig's Dept. Stores, Inc.*, 929 F.2d 197, 201 (5th Cir. 1991)(quoting *Omohundro v. Matthews*, 161 Tex. 367, 341 S.W.2d 401, 405 (1960))(emphasis added). Thus, property held by one but belonging to another under Texas's intestacy provisions is appropriate for a constructive trust. In that circumstance, the possessor of the estate would serve as trustee for the benefit of the decedent's heirs. Where the administrator (or administratrix) of an intestate estate is also its possessor, the administrator is charged with distributing the decedent's property to the heirs in accordance with Texas's intestacy provisions. The administrator is a fiduciary to the heirs. As a fiduciary, the administrator must account for all estate property and must show that it was distributed fairly. *See Texas Bank & Trust Co. v. A.E. Moore*, 595 S.W.2d 502, 508-09 (Tex. 1980). Absent a special legal relationship, like that between an administrator and a beneficiary, a constructive trust will not lie unless there is proof of fraud and tracing between trust assets and the disputed property. *See Monnig's Dept. Stores, Inc.*, 929 F.2d at 201.

5

In this case, a trust effectively arose upon Mrs. Terry's being appointed administratrix of her husband's estate, Mrs. Terry being the constructive trustee and I.W. Jr. and Joan, the beneficiaries. Had there been any suggestion that Mrs. Terry herself misapportioned the estate between the two children, then as a fiduciary to Joan she could be called to account for her actions. But there is no such accusation. Instead, Joan contends that I.W. Jr. interfered with Mrs. Terry's responsibilities as administratrix. Texas law does not provide that a brother is his sister's fiduciary under such circumstances. Absent a special legal relationship between I.W. Jr. and Joan with respect to their father's estate, Joan must prove fraud and a nexus between trust assets and her brother's estate. This she admittedly has not done, and she does not suggest that with further discovery she can meet either requirement.

CONCLUSION

There being no genuine issue of material fact on one or more elements in each of Joan's bases for relief, we conclude that summary judgment for the Defendants was proper. Having considered in full her argument for imposing a constructive trust, we need not reach Joan's argument that the district court erred in not considering her response to Defendants' motion for summary judgment.

AFFIRMED.

6